**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRED RAYMOND WALLACE and
MARILYN JOYCE WALLACE,

      Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 02-8032

( D.C. No. 01-CV-180-J)

(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The underlying action from which this appeal stems was filed in state court framed as a quiet title action attacking a lien filed by the Internal Revenue Service. Notwithstanding Plaintiffs' objections, it was properly removed to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

federal court pursuant to 28 U.S.C. § 1442 because it was against federal officers or agencies.

After reviewing Plaintiffs' many pleadings and claims, the trial court properly determined that the case was simply an attempt to challenge the validity of federal tax assessments and resulting liens. The trial court properly concluded that Plaintiffs had not satisfied the necessary prerequisites to qualify for the limited waiver of federal sovereign immunity provided for in tax refund cases by 28 U.S.C. § 1346(a)(1). The trial court was also correct in concluding that Plaintiffs could not rely on 26 U.S.C. § 7433(a) because they failed to allege exhaustion of administrative remedies. Likewise, it properly held that 28 U.S.C. § 2410 does not permit a taxpayer to collaterally attack the merits of a tax assessment. The trial court's final obviously correct blow to Plaintiffs' action was its holding that the case should be dismissed for lack of subject matter jurisdiction because the Anti-Injunction Act, 26 U.S.C. § 7421, bars injunctive relief as to the collection activities of the Internal Revenue Service.

The claims on appeal are various ways of raising the same claims. Therefore, after full review, we conclude that the trial court's order dismissing the complaint for lack of jurisdiction and its denial of a variety of post-judgment

motions are correct.  Plaintiffs-Appellants' Conditional Petition for Declaratory

Relief is denied.  The trial court's judgment of dismissal is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge